## Commonwealth v. Buzzard.

*New trial—Juror prejudging case—Misconduct of witnesses.*

1. The mere fact that it is discovered after a trial that a juror has expressed an opinion before being sworn is not ground for a new trial. If, however, she has prejudged the case and stated that she would find the defendant guilty, no matter what the evidence was, that would be ground for a new trial.

2. Where a party improperly makes a comment concerning a witness's testimony so that it reaches the jury in the box, it is the duty of any one who heard it to call the attention of the court to the remark immediately, and the court will take such action as is proper under the circumstances. If the remark were made so that the defendant or his counsel heard it, and it is not brought to the attention of the court, such omission will be considered a waiver.

3. No one connected with the case should talk to any juror before the case is called for trial or while it is being tried. Not every conversation with a juror will vitiate the verdict, but the fact that it was had raises suspicion, and it is the duty of all the parties interested to investigate the alleged misconduct so that full explanation may be presented to the court, where such alleged misconduct is the basis of an application for a new trial.

Motion by defendant for new trial. Q. S. Northampton Co., Feb. Sess., 1926, No. 81.

*Robert E. James*, District Attorney, and *J. Cullen Ganey*, Assistant District Attorney, for Commonwealth.

*Smith & Paff*, for defendant.

STEWART, P. J., Nov. 8, 1926.—This is a motion for a new trial. We are not in doubt as to the first, second, fourth and fifth reasons for a new trial. Counsel, upon the argument of the rule herein granted, will confine themselves to a consideration of the third reason, sub-sections *(a)*, *(b)*, *(c)*, *(d)*, *(e)* and *(f)*. The reasons *(a)* and *(b)* allege that Meda C. Vogle had prejudged the defendant guilty, and that she stated on the stand that she had not read about the case, and had formed no opinion. The juror was called and fully examined, and although she was not sworn on her *voir dire*, yet an untrue answer, made in the presence of the court, by which she was permitted

Commonwealth v. Buzzard.

to sit as a juror, would be a contempt of court. There is a great difference between the expression of an opinion before court and a prejudgment that the defendant is guilty. In Com. v. Flanagan, 7 W. & S. 415, the syllabus is: "The expression of an opinion by a juror with regard to the guilt or innocence of a defendant before he is called to the box is a good cause of challenge, but after trial it is not a sufficient cause for granting a new trial. If the juror had prejudged the case, leaving his mind unopen to conviction, it would be a good cause to set the verdict aside." On page 420, Mr. Justice Rogers said: "It has been ruled, as has been already stated, that where a juror has expressed an opinion on the case, it would be a good cause of challenge, a challenge to the favour; but from this it by no means follows that the same rule must be applied on a motion for a new trial. Thus, in the case of M'Causland v. Crawford, already cited, this distinction is taken, the good sense of which is its best recommendation. 'Prejudging and giving an opinion' (as is there said) 'on a statement of certain facts are very different things. The first implies a strong disposition to favor the one or the other; a determination to find in one way, let the evidence be what it may. The last involves the truth of certain facts and propositions in the sentiments delivered; and impressions thus made may be effaced by the production of other evidence.' The first involves a charge of gross misbehavior, amounting to criminality on the part of a juror who consents to serve on a jury when he must know he has precluded himself from forming a just judgment by a prejudication of the case; a determination to decide, right or wrong, in a particular way. The second, that which is natural to the human mind, to form and even to express an opinion on a supposed state of facts—an opinion only binding or influencing them, provided the case should turn out as it has been represented." That case has been frequently followed. In McClain v. Com., 110 Pa. 263, the syllabus is: "The refusal of a court to grant a new trial is not assignable for error, even where there is after-discovered evidence to contradict a juror's statement on his voir dire as to his competency to sit as a juror in the case." On page 266 is to be found the allegations as to the juror complained of, and on page 270, after stating the exact words of the syllabus above quoted, Mr. Justice Paxson adds the following: "Aside from this, it involved a question of fact which the court below was alone competent to decide;" which, as we take it, is the important matter in that case. In Com. v. Heidler, 191 Pa. 375, the syllabus is: "The Supreme Court will not reverse an order discharging a rule for a new trial in a murder case on the ground that one of the jurors, when examined on his voir dire, had falsely stated that he had not formed or expressed an opinion as to the guilt or innocence of the prisoner, where it appears that the trial court had carefully investigated the matter and found that the allegation was not true. Nothing short of a very clear abuse of discretion would induce the Supreme Court to interfere with the judgment on such a ground." Those authorities make it our clear duty to investigate the alleged misconduct of the juror. Reason (c) alleges that James A. Taylor, the representative of the Banking Department of Pennsylvania, and the active and directing prosecutor in the case, in a loud and audible tone of voice, so that it reached the members of the jury sitting in the jury-box, repeatedly declared, while the defendant was testifying, "It's a lie." Reason (d) is as follows: "That Floyd M. Hess, a witness for the Commonwealth, entered into a long and protracted conversation with one of the jurors at noontime of the next to the last day of trial, in front of the Mt. Vernon Hotel on Northampton Street, in the City of Easton, and thereby influenced the juror. (The name of which juror is unknown, but his identity can be established.) Reason (e) is as follows:

"That James A. Taylor, a witness for the Commonwealth and the active prosecutor in the above entitled case, together with the witness Graff and Mr. Soule, another witness for the Commonwealth, complainant in the case, entered into an active and prolonged discussion of the case in the presence and hearing of a group of jurors in the corridor of the court-house on the morning of the day when witness Graff testified." There is a marked difference between the alleged misconduct of Mr. Taylor, as set out in reason (c), and the alleged misconduct of Mr. Taylor and Mr. Hess, as set out in reasons (d) and (e). In the first case, the statement is alleged to have been made in the presence of the court, while the defendant was being examined. While the statement, if made, would have been highly improper, yet if it were made from sudden passion, its prejudicial effect could have been cured by an immediate rebuke and a caution to the jury, and it was the duty of the district attorney, or his assistant, or the defendant's counsel, or of any court official, if they heard it, to have at once called the court's attention to such an improper remark. If it were repeatedly made, and defendant's counsel heard it, there may be a waiver. With respect to the alleged misconduct by the parties mentioned in (d) and (e), what was said will have to be shown by the depositions. We would not have granted a rule for these reasons alone, as the expressions "long and protracted conversation" and "active and prolonged discussion of the case" are indefinite, but, in view of the other reasons, we will consider depositions concerning those conversations also. Some of the opinions cited to us go very far in holding that any conversation with a juror about a case, after the juror has been summoned for jury duty, will vitiate a verdict, but in every case the essential thing is, what was the intent? If it was to improperly influence a juror's action, then the party is guilty of a contempt of court. See Greason v. Cumberland Ry. Co., 54 Pa. Superior Ct. 595, where the subject is elaborately discussed by Orlady, J. In the present case, where the trial occupied the attention of the court and the jury for almost two weeks, if another trial has to be granted for the alleged misconduct of the parties mentioned, or any of them, the court will feel in duty bound to punish them for contempt. However, at the present time, we have only the allegations. Depositions must be taken establishing the truth of those allegations, and, as an excellent summary of what they should include, we quote the opinion in full of Judge McPherson, in Com. v. Martin, 16 Pa. C. C. Reps. 140, as follows: "The depositions laid before us prove satisfactorily that, during the noon recess of the court and while these trials were going on, two or three of the prosecutors engaged in conversation for some little time with several of the jurors who were then sitting upon the panel. Neither the prosecutors nor the jurors were called by either side, and, therefore, we do not know what was the subject of their talk; but the persons, the time and the place were all so closely connected with the trial that it would not be unreasonable to infer that something, at least, was said about the matters then engaging the attention of the court. It certainly cannot be successfully denied that the facts proved are enough to arouse suspicion and to cast a certain degree of doubt upon the verdict. In the absence of explanation, and especially considering how easily explanation could have been offered, the depositions so cloud the result of the trial that we would not be willing to accept it as the foundation for a sentence. Trial by jury must be kept free from suspicion, or the community will cease to regard it with that confidence which is absolutely essential to its usefulness and its continued life." Attention is especially directed to the words "in the absence of explanation." These depositions are directed to be taken before the stenographer who reported the case, and all who sat at

Commonwealth v. Buzzard.

the district attorney's table should be examined as to the alleged remarks in reason *(c)* above.

And now, Nov. 8, 1926, rule is granted on the Commonwealth to show cause why a new trial should not be granted. Returnable *sec leg.*

From Henry D. Maxwell, Easton, Pa.